**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff-Counterdefendant,**

v.

**HOTEL RITTENHOUSE ASSOCIATES, et al., Defendants-Counterclaimants,**

v.

**NILSI, N.V., et al., Third-Party Defendants.**

No. 83–2809.

United States District Court, E.D. Pennsylvania.

Nov. 3, 1983.

Gregory M. Harvey, Philadelphia, Pa., for plaintiff-counterdefendant.

Harold E. Kohn, Philadelphia, Pa., for defendants-counterclaimants.

Peter J. Hoffman, Philadelphia, Pa., for third-party defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Bank of America, has objected to the defendants' request to produce reports of reviews, evaluations or examinations of the Bank made by the Comptroller of the Currency or other bank regulatory authorities. (Document requests 10 and 11). The Bank contends that under the regulations of the Comptroller, specifically 12 C.F.R. § 4.16(b)(8), these documents must be kept confidential unless confidentiality is waived by the Comptroller. The plaintiff contends that the regulation cited

by the Bank is intended to govern disclosure to the general public and does not provide a privilege to disclosure in this action. Because disclosure of the documents must be sought from the Comptroller, the Bank's objection to the discovery request will be sustained.

The defendants appear to be correct in asserting that 12 C.F.R. § 4.16(b), the section of the Comptroller's regulations relied upon by the Bank to resist disclosure, applies to disclosure to the general public. Section 4.16(b), in fact, tracks almost verbatim the language of 5 U.S.C. § 552(b), which sets forth the statutory exemptions to the disclosure of agency records mandated by the Freedom of Information Act (FOIA). It has been recognized that a FOIA exemption "does not create independently any evidentiary privilege; the effect of such exclusion, rather, is only to permit the withholding of these categories of information from the public generally." *Denny v. Carey*, 78 F.R.D. 370, 373 (E.D. Pa.1978). In the civil litigation context, the need of a litigant for the material must be taken into account, and may require disclosure where the FOIA itself would not. *Jupiter Painting Contracting Co., Inc. v. United States*, 87 F.R.D. 593, 597 (E.D.Pa. 1980).

Section 4.18(c) of the Comptroller's regulations provides another barrier to the discovery sought by defendants, however, and the defendants have failed to clear this hurdle. Section 4.18(c) prohibits disclosure of examination reports by financial institutions to persons other than those officially connected to the bank as officer, director, employee, attorney, or auditor, except as expressly permitted by the Comptroller. The section reads in its entirety as follows:

> (c) *Financial institutions.* The Comptroller of the Currency makes available to each national bank and, in some cases, to holding companies thereof, a copy of the report of examination of such bank or company. The report of examination is the property of the Comptroller and is loaned to the bank or holding company for its confidential use only.

Under no circumstances shall the bank or holding company or any director, officer or employee thereof make public or disclose in any manner the report of examination or any portion of the contents thereof to any person or organization not officially connected with the bank as officer, director, employee, attorney, auditor, or independent auditor. Any other disclosure or use of this report except as expressly permitted by the Comptroller of the Currency may be subject to the penalties provided in 18 U.S.C. 641.

Discovery of examination reports in the course of this litigation must, therefore, be sought from the Comptroller and not from the Bank. *Federal Home Loan Bank Board v. Superior Court of Maricopa County*, 494 F.Supp. 924, 927 (D.Ariz. 1980); *Denny*, 78 F.R.D. at 372 ("When a party seeking discovery from [executive] departments has not complied with the regulations, a motion for discovery of such material must be denied.")

The defendants must therefore seek discovery of examination reports from the Comptroller under the procedures set forth in 12 C.F.R. §§ 4.17, 4.17a. The decision whether to assert any privilege that may attach to this material rests with the Comptroller, *Denny*, 78 F.R.D. at 374–75, and any assertion of privilege must be made by a responsible agency official upon personal consideration of the public interest factors involved in the assertion or waiver of the privilege. *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 752–53 (E.D.Pa.1983). Assertion of the privilege would also be subject to review by this Court. *See In re Franklin National Bank Securities Litigation*, 478 F.Supp. 577 (E.D.N.Y.1979); *United States v. Provident National Bank*, 41 F.R.D. 209 (E.D.Pa.1966).

For the above reasons, the Bank's objections to the discovery of examination reports sought by the defendants will be sustained, without prejudice to any attempt by the defendants to seek the documents from the Comptroller of the Currency.