**LINCOLN SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**UN FINANCIAL CORPORATION, et al., Defendants.**

**Misc. No. 88–138.**

United States District Court, District of Columbia.

May 18, 1988.

---

5. *See supra* n. 1.

**4**

Michael Stabbe, Holland & Knight, Washington, D.C., for plaintiff.

Manuel Palau, Washington, D.C., for defendants.

## MEMORANDUM ORDER

THOMAS F. HOGAN, District Judge.

In the above-captioned case, defendant, UN Financial Corporation ("UN Financial"), seeks to enforce a subpoena for deposition and production of documents against a non-party, the Federal Home Loan Bank Board (the "Bank Board" or the "Board"). Specifically, UN Financial seeks to depose the Board's designated officer and requests

> copies of any and all records, documents, or correspondence, from 1983 to present, relating to Lincoln Savings and Loan Association, John Beeson, Jose Valle, Richard J. White, or Richard Bartherlette.

UN Financial seeks access to correspondence between plaintiff, Lincoln Savings and Loan Association ("Lincoln"), and the Bank Board, Bank Board records, a supervisory agreement between Lincoln and the Bank Board, and a cease and desist order issued against Lincoln. Prior to oral argument, the Bank Board had turned over supervisory correspondence between the Bank Board and Lincoln for 1984 and 1985; supervisory correspondence between the Bank Board and Lincoln for 1987 and 1988 relating to an examination of Lincoln in 1987; and redacted portions of the 1985 examination report. At oral argument, the parties represented that the Bank Board also released, pursuant to a protective order, a new report for 1985 which is not as heavily redacted. The Bank Board refuses to release supervisory orders and cease and desist orders.

The underlying case, which is pending before the United States District Court for the Southern District of Florida, concerns Lincoln's allegations that UN Financial violated the Securities Exchange Act of 1934 by improperly placing a $20 million trade in mortgage-backed securities on plaintiff's behalf. Originally, UN Financial argued that access to the Board documents was necessary to demonstrate that the trade was authorized and that it was consistent with similar activities undertaken for Lincoln by John Beeson, Lincoln's former Chairman of the Board. At oral argument, the tenor of UN Financial's argument changed. Specifically, UN Financial argued that access to the cease and desist orders and supervisory orders is necessary to demonstrate that John Beeson's approval of the $20 million trade for Lincoln was violative of Board orders. UN Financial has sought the same information from Lincoln in the underlying case. The Florida judge has not ruled on the motion and trial is scheduled to commence on May 31, 1988. As such, UN Financial filed in this Court that this motion to compel seeking the documents directly from the Bank Board.

 The Bank Board has promulgated regulations which mandate that, as a general rule, examination reports, cease and desist orders, and supervisory orders are confidential and will not be made available to the public. 12 C.F.R. § 505.5 (1987). This regulation is valid and has the force of law. *See Federal Home Loan Bank Board v. Superior Court of Arizona,* 494 F.Supp. 924, 925 (D.Ariz.1980); *Colonial Savings and Loan Association v. St. Paul Fire and Marine Insurance Company,* 89 F.R.D. 481, 484 (D.Kan.1980). Furthermore, the regulation against disclosure of Board reports which a financial institution might receive is applicable to the financial institution and forbids the disclosure of the reports without the Bank Board's approval. *See Weck v. Cross,* 88 F.R.D. 325, 327–28 (N.D.Ill.1980); *FHLBB v. Superior Court of Arizona,* 494 at 927; *Colonial Savings and Loan,* 89 F.R.D. at 484. Thus, in the present case, before Lincoln could turn over the document to UN Financial, the Bank Board would need to approve the release. At oral argument, counsel for the Board indicated that the Bank Board would refuse to permit such a release.

 The Bank Board will approve release of confidential documents only upon a demonstration that the requested documents are highly relevant to the litigation, the movant has exhausted other sources of the information, the movant will enter into a protective order, and the release will not harm the Bank Board's interests. *See Colonial Savings,* 89 F.R.D. at 483–84. In reviewing a request for disclosure of confidential documents, the Board, as well as the Court reviewing the Board's decision, shall keep in mind the congressional intention that banking records be kept in strict confidence to avoid undermining public confidence in banking institutions and avoid runs on banks. *In re Knoxville News–Sentinel Co.,* 723 F.2d 470, 476–77 (6th Cir.1984). The determination of whether dissemination of unpublished financial information is appropriate falls squarely within the broad discretion of the agency. *See Federal Savings and Loan Insurance Corporation v. Williams,* 599 F.Supp. 1184, 1205 (D.Md.1984), *aff'd in part, rev'd in part,* 816 F.2d 130 (4th Cir.1987).

 In the case at bar, UN Financial agrees to enter into a protective order. Counsel for UN Financial represented at oral argument that, except for the pending motion in the Florida court, defendant has exhausted its attempts to secure the information through other means, specifically, the depositions of Mr. Beeson and other officers of UN Financial.

The relevancy of the documents is a close issue. The cease and desist orders and the supervisory orders are at least relevant of the issue of the credibility of Mr. Beeson's claim that he never agreed to the trade and did not violate any agreements with the Bank Board to refrain from engaging in trading. The documents potentially are relevant on substantive grounds. However, the Court is of the opinion that the orders are not necessary to demonstrate the crux of defendant's defense that the $20 million trade was a typical trade in the course of Beeson's trading for Lincoln.

Finally, the Court notes that the Board does have a strong interest in protecting the confidentiality of investigative documents. While release of documents to shareholders suing the directors of the financial institution for violations of fiduciary duties comports with the Board's duty to protect shareholder's from unscrupulous practices by financial institutions, the Bank Board is not a "clearinghouse" for third parties suing financial institutions.

The Court notes that its opinion is based upon the fact that the Florida court may order Lincoln or Beeson to produce the requested documents. The Florida court is more intimately aware of the specific facts of this case and may be better able to balance the various factors. While the Bank Board represented at argument that it would oppose such attempts to secure the documents, the Court notes that it will deny without prejudice the present attempt to secure the documents directly from the Board. As such, UN Financial may proceed freely to raise the present issues in the Florida court.

Accordingly, in consideration of the motion, the opposition thereto, oral argument of counsel, and for the foregoing reasons, as well as the rationale stated in the bench opinion rendered by the Court, it is this 18th day of May, 1988,

ORDERED that UN Financial's motion to compel shall be denied without prejudice.