**In re Charles L. MELENYZER, Debtor.**

**Bankruptcy No. 5-85-00338-C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Nov. 25, 1991.

---

S. Olsson Kahn, Adams & Hunter, San Antonio, Tex., for debtor.

Marion Olson, Jr., San Antonio, Tex., trustee.

Martin Warren Seidler, San Antonio, Tex., trustee.

James Samuel Wilkins, San Antonio, Tex., for trustee Martin Warren Seidler.

## ORDER ON BENZ' MOTION TO COMPEL UNITED STATES TRUSTEE TO PRODUCE DOCUMENTS

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing on November 13, 1991 the motion of Benz to compel United States Trustee to produce documents. After hearing the arguments of the parties, the court reset the matter for November 14, 1991, so that the motion to abandon assets to Benz could be heard and the question of Benz' standing with regard to the Trustee's Final Report could be resolved. The court has determined that, at the present time, Benz has standing. *In re Strangis*, 67 B.R. 243, 246 (Bankr.D.Minn.

1986). The court then took this matter under advisement, for consideration together with a similar discovery dispute between Benz and the Chapter 7 Trustee.

■ 1. The court finds that the request for all correspondence by and between the United States Trustee and this Chapter 7 panel trustee or his attorney which in any way mentions this case, as well as all audits which that office might have in its possession regarding Mr. Seidler as a panel trustee, are entirely irrelevant to the Final Report and Account, nor are they likely to lead to the discovery of relevant evidence for purposes of the hearing on the Final Report, warranting denial of the motion to compel. Fed.R.Bankr.P. 7026.

The duty to supervise panel trustees devolves upon the United States Trustee. 28 U.S.C. § 586(a)(1), (3). That statute does not provide for actions by individual creditors in the nature of private attorneys general, nor do the provisions for the review and approval of final reports by the trustee appointed in a given chapter 7 case. The purpose of the trustee's Final Report, and the hearing thereon, is to determine whether a given estate has been fully administered and whether fees and expenses should be allowed to the trustee. 11 U.S.C. § 704(9); *In re San Juan Hotel Corp.*, 847 F.2d 931, 939 (1st Cir.1988) (purpose of final accounting is to insure that trustees disclose and be held accountable for their handling of the estate); 4 *Collier on Bankruptcy* ¶ 704.12, at 704–26.1 to 28 (L. King 15th ed. 1988). The issue of Mr. Seidler's general qualifications to serve as a panel trustee is not within the purview of a hearing on the Final Report.[1]

If the United States Trustee fails to do his or her job, the exclusive remedy would appear to be resort to the oversight process, first to the extent it is built into the Department of Justice within the exec-

---

1. A party may move to have a trustee removed for cause pursuant to 11 U.S.C. § 324(a). If the motion to remove is granted, the trustee is automatically removed from all other cases as well, pursuant to Section 324(b), unless the court orders otherwise. There is no such motion pending at this time in this case. Even if there

were, the materials sought from the United States Trustee would still not be relevant to such a motion. The court notes that such a motion was filed in this case by a prior interested party (who was represented by the same lawyer as now represents Mr. Benz). That motion was not granted.

utive branch, and ultimately with Congress and its oversight committees. 28 U.S.C. § 586(c). The judicial branch has no direct supervisory responsibilities or powers over the United States Trustee. Indeed, it was the express intention of Congress to *remove* the courts from the administration of the bankruptcy system (including supervision of its trustees). *See* H.Rep. No. 595, 95th Cong., 1st Sess. 107–115, U.S.Code Cong. & Admin.News 1987, 5787, 6068–6076 (1977).

The placement of the Office of the United States Trustee in the executive, rather than the judicial, branch was a studied decision by Congress. Observed the House Report,

> United States trustees will ... carry out the bankruptcy laws in their duties relative to panels of private trustees. They will be the officers responsible for putting into effect the system of panels, and for carrying out the rules and regulations *prescribed by the Attorney General* governing qualification for panel membership.
>
> .    .    .    .    .
>
> The United States trustees will conduct investigations in appropriate circumstances to ensure that participants in bankruptcy cases are not avoiding the requirements of the bankruptcy code. ... In cases in which a private trustee serves, the United States trustee ... is permitted to conduct his own investigation into the existence of facts that should spur the private trustee to action. Such periodic examinations will be necessary for the United States trustee to exercise effective supervisions and make an effective evaluation of the performance of the private trustees on the panel. ... The United States trustees will not be serving the bankruptcy courts as as-

sistants or as arms of the court. The functions described above are not a part of the courts' duties in bankruptcy cases under the proposed law. The courts' duties relate solely to resolving disputes that arise in bankruptcy cases. Instead, the United States trustees' responsibilities will be to operate the bankruptcy system and to execute the bankruptcy laws. As such, the United States trustee is created in the Executive Department, as an Executive Branch officer, and is not placed in the Judicial Branch.

*Id.* at 109–10,[2] U.S.Code Cong & Admin.News at 6070–71.

Further pursuit of discovery whose aim is to expose purported mishandling of this case by the Office of the United States Trustee is entirely outside the purview of a hearing on the final report of a given trustee in a given case. More importantly, it is outside the purview of this court to rule on whether the Office of the United States Trustee is or is not properly discharging its functions pursuant to the statute. 28 U.S.C. § 586(c) ("Each United States trustee shall be under the general supervision of the Attorney General ...").

The discovery sought by Benz and his attorney would only serve ulterior purposes, such as to furnish information for the press or for Congress,[3] (or perhaps even to harass and intimidate). The discovery process in the context of a judicial proceeding is reserved for the development of evidence for the purposes of the judicial proceeding. Said the Supreme Court,

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, dis-

---

**2.** Section 586 of Title 28 was originally proposed as part of H.R. 8200, the House version of the proposed bankruptcy code in 1978. It was amended in 1986 to extend to all judicial districts (save the districts in North Carolina and Alabama), but was otherwise unchanged by the 1986 amendments. The 1977 House Report is thus relevant to the interpretation of congressional intent in the enactment of Section 586.

**3.** Neither the interests of a free press nor the interests of Congress are here called into question. Each have their own devices for obtaining information which operate entirely independently of judicial proceedings.

covery properly is denied. [citations omitted] Likewise, discovery should be denied when a party's aim is to ... embarrass or harass the person from whom he seeks discovery.

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 n. 17, 98 S.Ct. 2380, 2390 n. 17, 57 L.Ed.2d 253 (1978); *see also United States v. Howard,* 360 F.2d 373, 381 (3d Cir.1966) (examination of interrogatories demonstrated their extreme broadness and their lack of utility save as harassment, and that the desire for the discovery was "more a matter of form and tactics than of substance").

Discovery of correspondence between the United States Trustee and the panel trustee is, for all the foregoing reasons, accordingly and properly denied as both improper and irrelevant. The motion to compel is not well-taken and is accordingly denied.

■ 2. Benz argues that he is entitled to discovery of this information because the United States Trustee affirmatively certifies the Final Report, rendering it both a party in interest and a party with relevant information which should be disclosed. Benz misinterprets the function of the certification process, however, which is check that the final report is consistent with docket entries. The United States Trustee has standing to object to a Final Report, or to refuse to certify same, but no party has standing to question why the United States Trustee decides not to object to a final report in a given case, at least not within the context of a hearing to approve the final report. Certification is an administrative process, a prerequisite to the report's being filed with the court for approval. It is not an appropriate subject for discovery relative to the hearing on the final report.

■ 3. The United States Trustee has asserted that it is entitled to a governmental privilege (more properly denominated an "official information privilege") with respect to the documents requested.

The notion of governmental privilege originated at common law, and is limited in scope to those documents containing expressions of opinion or recommendations in intra-agency documents. It does not protect purely factual matters. *In re Franklin National Bank Securities Litigation,* 478 F.Supp. 577, 580–81 (E.D.N.Y.1979); *Matter of Verrazzano Towers, Inc.,* 7 B.R. 648, 651 (Bankr.E.D.N.Y.1980). In order to properly invoke the privilege, the government must (1) formally assert the privilege, (2) attach an affidavit setting forth the specific reasons requiring confidentiality, and (3) submit an index specifically designating and describing the documents claimed to be privileged, in sufficient detail to allow a reasoned determination as the legitimacy of the privilege (a *Vaughn* index). *In re Sunrise Securities Litigation,* 109 B.R. 658, 667 (E.D.Pa.1990); *see Vaughn v. Rosen,* 523 F.2d 1136 (D.C.Cir. 1975). These steps were not taken here. The privilege accordingly may not be asserted.

4. The United States Trustee protests that it has been caught in the middle of a private personality dispute of some considerable long standing between the trustee, Mr. Seidler, and Benz' attorney, Mr. Beck. The United States Trustee adds that it has improperly been thrust into the position of adversary. The court is of course aware of the clash of personalities between these parties.

Abuse of the discovery process is not permitted in any federal court. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1542 (11th Cir.1985).[4] Seeking discovery from one party to harass another is not permitted either. Neither is abusive or overreaching discovery sought from innocent third parties, imposing unreasonable time or expense obligations on

---

**4.** Said the Supreme Court,

... [H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in the appropriate cases, not

merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. *Id.*

them. *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir.1989).

The United States Trustee has not prayed for any relief in its pleadings beyond being relieved from certain discovery. It has not sought sanctions under Rule 37 of the Federal Rules of Civil Procedure (made applicable to this contested matter by Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure), or under 28 U.S.C. § 1927. Lacking such a request, the court is not inclined to entertain such relief on its own motion.

The motion of Benz to compel is denied. The claim of privilege is overruled. Sanctions under Rule 37, not having been pleaded, will not be entertained.

So ORDERED.