**COLONIAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant and Third Party Plaintiff,**

v.

**John HELINE, David A. Werth, and Werth, Inc., Third Party Defendants.**

Civ. A. No. 80–2084.

United States District Court, D. Kansas.

Nov. 26, 1980.

Charles R. Hay and Gerald L. Goodell, Goodell, Stratton, Edmonds, Palmer & Wright, Topeka, Kan. and Martin J. Andrew, Denver, Colo., for St. Paul Fire & Marine Ins. Co.

Robert S. Jones, Norton, Wasserman & Jones, Salina, Kan., for John Heline.

Patricia Riley, Crane, Martin, Claussen, Hamilton & Barry, Topeka, Kan., for David A. Werth and Werth, Inc.

Harvey Simon, Associate Gen. Counsel and Jonathan K. Heffron, Trial Atty., Washington, D. C., for Federal Home Loan Bank Bd.

Paul D. Sinclair, Grier, Swartzman & Weiner, Kansas City, Mo. and Bernis G. Terry, Lowe, Terry & Roberts, Olathe, Kan., for Colonial Sav. and Loan Ass'n.

## MEMORANDUM AND ORDER

J. MILTON SULLIVANT, United States Magistrate.

This is an action by plaintiff, Colonial Savings and Loan Association, (Colonial) against defendant, St. Paul Fire and Marine Insurance Company (St. Paul), on a savings and loan blanket bond.

Presently before the Court is Motion of Defendant St. Paul to Compel Colonial to produce copies of all Federal Home Loan Bank Boards (FHLBB) reports of examination and all correspondence or memoranda of any kind relating thereto in the plaintiff's possession.

Colonial has objected to this request for production on the grounds: (1) disclosure of such report by Colonial is barred by a valid federal regulation; (2) the contents of those reports are privileged and confidential and (3) defendant has made no showing of need for these confidential documents. In the action it is alleged, John Heline, a Colonial officer, fraudulently and dishonestly ex-

tended various loans to a Salina contractor by the name of Werth, Inc. Heline and Werth, Inc. are parties to this action.

Under the authority set out in 5 U.S.C. § 552, the FHLBB has promulgated regulations concerning the disclosure of reports of examinations. The regulation barring such disclosure is 12 C.F.R. § 505.5(b) which reads:

> (b) *Information available to insured institutions and to state and federal agencies.* A copy of each report of the regular examination of each insured institution or affiliate is made available by the Board's Supervisory Agent at the appropriate Federal Home Loan Bank to the institution examined. . . . All reports or other information made available pursuant to this paragraph shall remain the property of the Board and, except as otherwise provided in this Part, no person, agency, or authority to whom the information is made available, or any officer, director or employee thereof, shall disclose any such information except in published statistical material that would not disclose the affairs of any individual or corporation.

The legend on the cover of the reports contains the following:

> "THIS REPORT OF EXAMINATION IS STRICTLY CONFIDENTIAL"

> "This document is the property of the Federal Home Loan Bank Board and is furnished to the institution for its confidential use. Under no circumstances shall the institution, or any of its directors, officers, or employees, disclose or make this document or any portion of it public in any manner."

■ Regulations of this nature have been held valid and prohibit the production of the examination reports by Colonial. See *Marcoux v. Mid-States Livestock*, 66 F.R.D. 573 (W.D.Mo.1975). In an analogous situation the Tenth Circuit considered this issue in *Saunders v. Great Western Sugar Company*, 396 F.2d 794 (1968). In *Saunders* the subpoena was issued requesting the production of certain Small Business Administration documents, the production of which

was barred by federal regulation. Those regulations were held to be valid. The Court saying, at 795:

> The SBA officials rely on *Boske v. Comingore*, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 469, 71 S.Ct. 416, 95 L.Ed. 417. In Boske the Court upheld regulations of the Secretary of the Treasury relating to the disclosure of information and in Touhy it gave effect to comparable regulations of the Attorney General.

Later in the opinion the Court said:

> "We are bound by Touhy and Boske."

In *Saunders* the Court recognized some hardship in requiring the relief to be obtained in the District of Columbia where jurisdiction could be obtained over the federal official in question. However, the regulations were held to be valid.

The FHLBB regulations provide a procedure to seek disclosure of bank examination reports. See 12 C.F.R. § 505.4(d). A subpoena can be served on the secretary of the FHLBB.

The briefs disclose that prior to the commencement of this litigation Colonial voluntarily produced for St. Paul the files of Werth, Inc. and has agreed to produce the files again in response to a request by St. Paul. Colonial apparently is agreeable to furnishing other relevant files which may lead to admissible evidence but feels it is bound by the regulations of the FHLBB pertaining to examinations of Colonial and related documents.

When the documents were requested the FHLBB was notified and its representative contacted attorneys for St. Paul and advised the Bank Board has a long standing, well established policy of not authorizing release of examination reports and supervisory correspondence relating thereto claiming the same to be privileged under settled law, and stating the reasons for such position. Although, the FHLBB maintained the examination reports are protected from disclosure by privilege, the Bank Board agreed, under certain circumstances, to vol-

untarily disclose limited factual portions of the reports to St. Paul provided St. Paul could demonstrate the relevance of the factual information contained in the reports to this lawsuit. A further provision was that all parties enter into a stipulated Protective Order drafted by the Bank Board. Attorneys for St. Paul take the position they have the right to examine the reports in question to see whether or not they include relevant evidence, and refuse to withdraw the Motion now under consideration. No formal request has been made by St. Paul to the FHLBB for information contained in the reports that may be relevant to this lawsuit.

The FHLBB is not a party to this action. It has filed a special appearance brief in opposition to defendant's Motion to Compel Discovery. Extensive briefs have been filed by Colonial and by St. Paul.

The Court finds the FHLBB is an independent agency in the Executive Branch of the United States Government responsible for the organization, incorporation, examination, operation, and regulation of Federal Savings and Loan Associations. See 12 U.S.C. § 1464(a). The Board also directs the operation of the Federal Savings and Loan Insurance Corporation and is authorized to adopt by-laws, rules and regulations as it may prescribe for carrying out the purposes of the corporation. See 12 U.S.C. § 1725(a).

Under the foregoing authorization the Board periodically conducts examinations of the conditions and operations of savings and loan institutions it regulates in order to assure they are in a safe and sound condition and written reports are made of the examination. Such reports are primarily for the benefit of the Board although copies are provided the association examined for internal, non-public use. The reports remain the exclusive property of the FHLBB. The Board has not waived any qualified privilege or confidentiality by making copies of the reports available to Colonial. See *Overby v. United States Fidelity and Guaranty Company*, 224 F.2d 158 (5th Cir. 1955).

The FHLBB regulations noted above have the force and effect of law. See *Community Federal Savings and Loan Association*, 128 F.2d 705 (8th Circuit 1942); *Rettig v. Arlington Heights Federal Savings and Loan Association*, 405 F.Supp. 819 (N.D.Ill.1975); *People v. Coast Federal Savings and Loan Association*, 98 F.Supp. 311 (S.A.Cal.1951). It is clear the examinations are the exclusive property of the FHLBB which has standing to prevent or seek to prevent the disclosure of the reports.

The decision in *Federal Home Loan Bank Board v. Superior Court of the State of Arizona in and for the County of Mariciapa, et al.*, 494 F.Supp. 924 (D.Ariz.1980) a copy of which is attached as Exhibit D to the FHLBB brief covers the essential issue involved here. It is noted there is pending a related action in the District Court of Saline County, Kansas, where the issue of production of the reports by Colonial is or may be raised.

The FHLBB has promulgated a regulation setting forth the procedure to be followed when a person seeks disclosure of the examination reports. This procedure is set forth in 12 C.F.R. §§ 505.4 and 505.5 and the reports may be received, if at all, from the Bank Board.

The Court finds the procedure prescribed by the Board has not been followed by St. Paul and it is unnecessary for the Court to pursue a balancing test to determine if the information sought is confidential or privileged and whether or not such information should be disclosed. Such determination will be made when production is sought from the FHLBB.

The Motion to Compel Discovery filed by St. Paul Fire and Marine Insurance Company (Doc. 18) is denied.

IT IS SO ORDERED.