Lynn MARTIN, Plaintiff,

v.

MONFORT, INC., Defendant.

Civ. A. No. 92–C–2456.

United States District Court,
D. Colorado.

May 20, 1993.

Ann Noble, U.S. Dept. of Labor, Office of Sol., Denver, CO, for plaintiff, Lynn Martin.

Daniel Satriana, Denver, CO, for defendant, Monfort, Inc.

## ORDER OF UNITED STATES MAGISTRATE JUDGE

PRINGLE, United States Magistrate Judge.

This matter comes before the Court on the plaintiff's Motion to Compel further response to Interrogatory 10. In essence, plaintiff seeks production of time and motion studies performed by Monfort at the direction of Monfort's general counsel.[1] Defendant contends that the studies are protected from discovery by attorney work product immunity. On April 29, 1993, the Court ruled on all other aspects of the plaintiff's Motion to Compel, but deferred ruling on the work product issue until the parties submitted further evidentiary materials and legal authority in support of their respective positions. The Court has received and reviewed the additional materials filed by both parties, and is now prepared to rule on the discoverability of Monfort's time and motion studies. For the reasons discussed below, the plaintiff's motion to compel further responses to Interrogatory 10 is denied.

Rule 26(b)(3) of the Federal Rules of Civil Procedure contemplates a sequential step approach to resolving work product issues. First, the party seeking discovery must show that the subject documents or tangible things are relevant to the subject matter involved in the pending litigation and are not privileged. Fed.R.Civ.P. 26(b)(1). Once such a showing has been made, the burden shifts to the party seeking protection to show that the requested materials were prepared in anticipation of litigation or for trial by or for the party or the party's attorney, consultant, surety, indemnitor, insurer or agent. Fed. R.Civ.P. 26(b)(3). Such a showing may be made by affidavit, deposition testimony, answers to interrogatories, and the like. If the Court concludes that the items were prepared in anticipation of litigation, the burden shifts back to the requesting party to show: (a) a substantial need for the materials in the

---

1. Monfort correctly points out that Interrogatory 10 does not request production of time and motion studies. Nevertheless, it is clear that plaintiff is now seeking their production as a result of Monfort's response to Interrogatory 10. No

good purpose would be served by requiring plaintiff to submit a new request for these documents. Consequently, the Court will proceed to resolve the work product issue on the merits.

preparation of the party's case; and (b) the inability without undue hardship of obtaining the substantial equivalent of the materials by other means. Fed.R.Civ.P. 26(b)(3). Finally, even if substantial need and unavailability are demonstrated, the Court must distinguish between factual work product, and mental impressions, opinions, and conclusions, for the latter are rarely, if ever, subject to discovery. *See Toledo Edison Co. v. G A Technologies,* 847 F.2d 335, 339–340 (6th Cir.1988); *In re Air Crash Disaster at Detroit Metropolitan Airport,* 130 F.R.D. 641, 643 (E.D.Mich.1989).

For purposes of the pending motion, the Court will assume that the time and motion studies have sufficient relevance to meet the general discoverability requirements of Fed. R.Civ.P. 26. No contention has been advanced by Monfort that the studies fall within the attorney-client privilege. Consequently, the Court will begin its inquiry by addressing the question of whether the time and motion studies were prepared in anticipation of litigation, and, therefore, protected attorney work product.

There is no requirement that litigation have actually commenced in order to assert work product. On the other hand, the fact that litigation has commenced does not automatically bring the work product doctrine into play. *8 Wright & Miller, Federal Practice & Procedure § 2024,* at pp. 197–98. "[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the *prospect* of litigation." *Id. at 198. See also Ownby v. United States,* 293 F.Supp. 989 (W.D.Okla.1968) (emphasis added).

■ The affidavit of P. Kay Norton, Vice President and General Counsel for Monfort, reveals that the time and motion studies were performed at her direction after she had been contacted by the Department of Labor regarding issues surrounding certain activities of Monfort employees performed before and after their normal work day. The affidavit states that "[i]n light of my contacts with Mr. Van Hook [the Department of Labor Compliance Officer], I believed that litigation might result over the issues ... and in anticipation of such litigation, I directed specifically that certain managerial employees of Monfort, Inc. gather information regarding the time spent by the Company's employees on these preliminary and postliminary activities." Norton Aff. at 1–2.

■ Investigation by a federal agency presents more than a remote prospect of future litigation, and provides reasonable grounds for anticipating litigation sufficient to trigger application of the work product doctrine. *See, e.g., Kent Corporation v. National Labor Relations Board,* 530 F.2d 612, 623 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976); *In re LTV Securities Litigation,* 89 F.R.D. 595, 612 (N.D.Tex.1981). Additionally, studies or tests conducted after a party is aware of potential litigation have been held to be within the scope of the work product immunity doctrine. *In re Air Crash Disaster at Detroit Metropolitan Airport,* 130 F.R.D. at 644; *Interstate Production Credit Ass'n v. Fireman's Fund Ins. Co.,* 128 F.R.D. 273 (D.Or.1989). Accordingly, the evidentiary record and the case law amply support Monfort's claim that the time and motion studies constitute work product.

Plaintiff has presented no evidence on the issues of substantial need and unavailability. However, the plaintiff's Response to Court's Order Concerning Clarification of Motion to Compel indicates that the Monfort studies were accomplished in 1990, and that they cannot now be replicated. The Response further states that these studies will have a bearing on the issue of whether Monfort's alleged violations of the Fair Labor Standards Act were wilful. Finally, plaintiff asserts that because certain steps or procedures may have changed since the period covered by the studies, the amount of back wages owed to employees may be better ascertained if the studies are produced. However, the Court does not find these contentions persuasive. No showing has been made as to why the DOL could not have performed similar studies in 1990; why the same or substantially similar studies cannot be performed today; why the studies would have any substantial bearing on the issue of

wilfulness; or how the studies could impact the amount of the potential recovery.

Of course, the situation would be entirely different if Monfort intended to utilize the studies, or elicit testimony regarding the studies at trial. Likewise, a different situation would be presented if Monfort's experts review and rely upon the studies in formulating their opinions. Monfort's counsel has represented on the record that Monfort does not intend to make use of the time and motion studies for such purposes, and the Court's ruling is premised on the assumption that this representation will be complied with.

Alternatively, the plaintiff raises the issue of waiver. On April 4, 1990, Ms. Norton sent a letter to Tom Van Hook, the DOL Compliance Officer. The letter took issue with Van Hook's estimates of preliminary and postliminary time, and stated that studies performed by Monfort refuted these estimates. Nothing further regarding the time and motion studies was disclosed in the letter or thereafter.

Although the qualified immunity afforded to work product may be waived, the waiver doctrine does not apply in the same manner to work product as it does in the context of the attorney-client privilege. Any disclosure of privileged information to third parties generally results in a waiver of the attorney-client privilege. On the other hand, the work product protection is waived only when protected materials are disclosed in a manner which "substantially increases the opportunity for potential adversaries to obtain the information." *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578 (N.D.N.Y.1989); *In re Grand Jury Subpoenas,* 561 F.Supp. 1247, 1257 (E.D.N.Y.1982). Nothing contained in Ms. Norton's letter to Mr. Van Hook can be said to have substantially increased the opportunity for potential adversaries to obtain the time and motion studies or data contained therein. Consequently, the Court finds and concludes that the mere reference to the studies in the letter, without more, did not result in a waiver of the work product protection.

Accordingly, it is hereby ORDERED that the plaintiff's motion to compel production of the time and motion studies referred to in the Norton letter is DENIED.

It is further ORDERED that neither the time and motion studies or the information contained therein may be utilized by Monfort at trial, nor may Monfort's expert witnesses consider or rely upon these materials in the formulation of their opinions or testimony.