**AMERICAN SAVINGS BANK, Plaintiff,**

v.

**PAINEWEBBER INCORPORATED, Defendant.**

**Civ. No. 01–00158 DAE–LEK.**

United States District Court,
D. Hawai'i.

Aug. 14, 2001.

---

1. The Court has considered arguments in Defendants' Sur–Reply, but finds they do not change the disposition of the Motion.

Paul Alston, David A. Nakashima, David M. Forman, Alston Hunt Floyd & Ing, Honolulu, HI, Robert T. Sullwold, Sullwold & Hughes, San Franciso, CA, Nancye L. Bethurem, Henderson, NV, for American Savings Bank.

Nadine Y. Ando, William C. McCorriston, McCorriston Miller Mukai, MacKinnon LLP, Honolulu, HI, Roni R. Reed, David M. Jolley, Covington & Burling, San Francisco, CA, for UBS Painewebber Inc.

Clyde Wm. Matsui, Matsui Chung Sumida & Tsuchiyama, Honolulu, HI, pro se.

### DISCOVERY ORDER

KOBAYASHI, United States Magistrate Judge.

This matter came before the Court on August 10, 2001 upon Plaintiff American Savings Bank's ("ASB") and Defendant UBS PaineWebber Inc.'s ("PaineWebber") requests to the Court, pursuant to Local Rule ("LR") 37.1, to compel their opposing parties to produce documents which have the purported status of "unpublished" Office of Thrift Supervision ("OTS") information, pursuant to 12 C.F.R. § 510.5. The Court has received briefs from the parties, as well as an August 7, 2001 letter from Thomas J. Segal, Deputy Chief Counsel for the Office of Thrift Supervision, and responses thereto from the parties. At the discovery conference held on August 10, 2001, the Court heard from David A. Nakashima, Esq. and Douglas A. Codiga, Esq., counsel for ASB, and Mark J. Bennett, Esq. and Nadine Y. Ando, Esq., counsel for PaineWebber. For the reasons discussed below, this Court GRANTS IN PART and DENIES IN PART the parties' requests to compel production of documents:

At the heart of the discovery dispute are documents that the parties both claim are subject to an Office of Thrift Supervision ("OTS") regulation, 12 C.F.R. § 510.5, which prohibits the unauthorized disclosure of unpublished OTS information. OTS is "an agency within the United States Department of Treasury that is responsible for regulating and supervising federally-insured savings associations, such as ASB." Letter at 1. The regulation in issue provides:

> All reports or other information made available to savings associations, holding companies, affiliates, other governmental agencies or requesters shall remain the property of the OTS and, except as permitted by this section or otherwise by the Director [of OTS] or his delegate, **no person, company, agency, or authority to whom the information is made available, or any officer, director, employee or agent thereof, shall disclose any such information** except published statistical information that would not disclose the identity of any individual or corporation.

12 C.F.R. § 510.5(c)(4)(v); (emphasis added). Additionally, the regulation provides a procedure for a party in civil litigation to submit a request to OTS for release of unpublished OTS information for use in a pending case. *See,* 12 C.F.R. § 510.5(c)(1).

Courts, in construing regulations which control the release of official information, have held that such information should not be compelled to be produced in violation of these regulations. *See, e.g., Interstate Production Credit Ass'n. v. Fireman's Fund Insurance Co.,* 128 F.R.D. 273, 276 (D.Or.1989)(citing *Federal Home Loan Bank Bd. v. Superior Court of Ariz.,* 494 F.Supp. 924, 927 (D.Ariz.1980) and *Colonial Savings and Loan Ass'n. v. St. Paul Fire and Marine Ins. Co.,* 89 F.R.D. 481, 483 (D.Kan. 1980)). The parties, therefore, must first avail themselves of the procedure set forth in section 510.5(c) to obtain OTS' permission for the release of unpublished OTS information for use in this litigation.

While OTS has been granted broad discretion in authorizing disclosure of unpublished OTS information, any denial of disclosure does not necessarily foreclose document production in this litigation. In *Forstmann Leff Associates, Inc. v. American Brands, Inc.,* 1991 WL 168002, *2–3 (S.D.N.Y.1991), OTS' motion for protective order was denied. The court found that the propriety of OTS' decision not to permit disclosure of unpublished information was subject to court review:

> While section 510.5(b) permits the OTS to withhold documents from disclosure on the basis of privilege, it is the court's function

to determine whether such documents must be produced. *See In re Sunrise Secs. Litig.,* 109 B.R. [658,] 663–64 (E.D.Pa.1990); *Colonial Sav. & Loan Assoc'n v. St. Paul Fire & Marine Ins. Co.,* 89 F.R.D. 481, 484 (D.Kan.1980).

\*    \*    \*    \*    \*    \*

Turning to the merits of the OTS' claim, the official information privilege require the Court to balance the government's interest in nondisclosure against the interests of the litigations and the public in disclosure. *See In re Franklin Nat'l Bank Secs. Litig.,* 478 F.Supp. [577,] at 581. Among the factors to be considered by the Court in balancing these interests are "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* at 583 (citations omitted).

*Id.* at \*2–3. Therefore, the parties are ordered to submit their requests for disclosure of unpublished OTS information to OTS pursuant to the procedure set forth in section 510.5(c). In the event that OTS, in its broad discretion afforded by section 510.5(b), does not authorize disclosure of certain unpublished OTS information in the possession of the parties that are relevant to the litigation, then the parties can seek the appropriate relief from this Court regarding document production.

Turning to the issue of the documents withheld from production by the parties on the basis of attorney-client privilege and/or work product doctrine, these documents may or not be shielded from production and, therefore, the Court will conduct an *in camera* inspection to determine whether or not the documents must be produced pursuant to Rule 34, Fed.R.Civ.P. Therefore, the parties are ordered to submit those documents for which the attorney-client privilege and/or work product doctrine have been identified on the privilege log as the basis for withholding the documents from production to the Court for an *in camera* inspection, and these documents should be excluded from any disclosure request submitted to OTS.

For general guidance purposes only, the Court notes that the work product doctrine provides a qualified protection from discovery in a civil action when the documents materials are (1) document and tangible things otherwise discoverable, (2) prepared in anticipation of litigation, and (3) by or for another party or by that other party's representative. *See,* Rule 26(b)(3), Fed.R.Civ.P. The proponent of the privilege has the burden of proof. *See, Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976 (7th Cir. 1996).

To meet the requirement that the document was "prepared in anticipation of litigation", the proponent needs to demonstrate, first, that there was some threat of an adversarial proceeding, and second, that the document was prepared after that threat became apparent. *See, F.T.C. v. Grolier Inc.,* 462 U.S. 19, 25, 103 S.Ct. 2209, 2216, 76 L.Ed.2d 387 (1983)("But the literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation."). No lawsuit needs to have been filed and courts make the determination on a case-by-case basis. *See, In re Grand Jury Proceedings,* 604 F.2d 798, 803 (3d Cir. 1979)(" '[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.' ")(quoting 8 Wright and Miller, Federal Practice and Procedure § 2024, at 198 (1970)).

An investigation by an agency provides reasonable grounds for anticipating litigation. *See, Martin v. Bally's Park,* 983 F.2d 1252, 1261 (3d Cir.1993). However, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes" do not fall within the ambit of the work product doctrine. Fed.R.Civ.P. 26(b)(3) advisory committee note.

The work product doctrine protects those documents prepared by an attorney or at his

or her direction, including the work product generated by agents. *See, United States v. Nobles,* 422 U.S. 225, 238–39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)("It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."). Rule 26(b)(3) immunity thus depends on the "motivation behind [the document's] preparation, rather than on the person who prepared it." Edna Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine* 546 (4th ed.2001).

Disclosure to a third party does not necessarily destroy the work product immunity. The purpose and extent of the disclosure must first be scrutinized to determine whether a waiver has occurred. As one court stated:

> Although the qualified immunity afforded to work product may be waived, the waiver doctrine does not apply in the same manner to work product as it does in the context of the attorney-client privilege. Any disclosure of privileged information to third parties generally results in a waiver of the attorney-client privilege. On the other hand, the work product protection is waived only when protected materials are disclosed in a manner which "substantially increases the opportunity for potential adversaries to obtain the information."

*Martin v. Monfort, Inc.,* 150 F.R.D. 172, 174 (D.Colo.1993)(citing *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578 (N.D.N.Y.1989) and *In re Grand Jury Subpoenas,* 561 F.Supp. 1247, 1257 (E.D.N.Y.1982)). Several courts have concluded that voluntary disclosure to an investigatory body results in the waiver of work product protection. *See, e.g., In re Worlds of Wonder Securities Litigation,* 147 F.R.D. 208, 211–212 (N.D.Cal.1992)(concluding that voluntary disclosure to SEC waives privilege); *but see, In re Steinhardt Partners, L.P.,* 9 F.3d 230, 236 (2nd Cir.1993)(declining to adopt rule that all voluntary disclosures to the government waive work product protection and waiver must be done on a case-by-case basis).

### Conclusion

For the foregoing reasons the Court HEREBY ORDERS the following:

1. Both parties are ordered to submit no later than August 24, 2001 to OTS the documents that they are requesting permission from OTS to use unpublished OTS information in the litigation pursuant to the procedure set forth in 12 C.F.R. § 510.5(c). Their submissions shall not include any documents that have been withheld on the basis of attorney-client privilege and/or work product doctrine.

2. The Court directs OTS to make an initial determination as to disclosure as quickly as is practicable. To the extent that OTS permits disclosure of the documents submitted, the requests to compel documents are GRANTED;

3. In the event there are documents that OTS refuses permission to permit to be used in the pending litigation, the parties can seek the appropriate relief from this Court regarding document production;

4. Both parties are ordered to submit no later than August 24, 2001 to the Court for an *in camera* review the documents that were withheld from production on the basis of work product doctrine, along with a memorandum of law supporting their position that is not to exceed ten pages. A copy of the memorandum of law must be timely served on opposing counsel; and

5. Both parties may file an opposition memorandum to the opposing party's memorandum of law by August 31, 2001 that is not to exceed ten pages. A copy of the opposition memorandum must be timely served on opposing counsel.

IT IS SO ORDERED.