**FEDERAL HOME LOAN BANK BOARD, Washington, D. C., Plaintiff,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA In and For the COUNTY OF MARICOPA**

**The Honorable Marilyn A. Riddel of the Superior Court of the State of Arizona in and for the County of Maricopa**

**First Federal Savings and Loan Association Phoenix, Arizona**

**Hugh Knoell Builders, Inc., Phoenix, Arizona, Defendants.**

**No. CIV 80–490 PHX CLH.**

United States District Court, D. Arizona.

Aug. 1, 1980.

Harvey Simon, Associate Gen. Counsel, Michael E. Seabolt, Paul W. Grace and Jeffrey M. Werthan, Trial Attys., Federal Home Loan Bank Bd., Washington, D. C., for plaintiff.

Marvin Johnson and John P. Otto, Phoenix, Ariz., for defendant Hugh Knoell Builders, Inc., who was the real party in interest.

Ronald H. Moore, Phoenix, Ariz., for defendant First Federal Sav. and Loan Ass'n.

HARDY, District Judge.

The findings of fact and conclusions of law in this memorandum shall constitute the findings and conclusions required by Rule 52(a), Rules of Civil Procedure.

The Federal Home Loan Bank Board is an independent agency of the Executive Branch of the United States which was established pursuant to 12 U.S.C. § 1437. It is authorized, "under such rules and regulations as it may prescribe, to provide for the organization, incorporation, examination, operation and regulation" of federal savings and loan associations, 12 U.S.C. § 1464(a). The Bank Board also directs the operation of the Federal Savings and Loan Insurance Corporation and is authorized to adopt "such bylaws, rules and regulations as it may prescribe for carrying out the purposes" of the Corporation. 12 U.S.C. § 1725(a).

The Bank Board has promulgated the following regulation:

"A copy of each report of the regular examination of each insured institution or affiliate is made available by the Board's Supervisory Agent at the appropriate Federal Home Loan Bank to the institution examined. . . . *All reports made available pursuant to this paragraph shall remain the property of the Board and*, except as otherwise provided in this Part, *no person, agency or authority to whom the information is made available or any officer, director, or employee thereof, shall disclose any such information* except published statistical material that would not disclose the identity of any individual or corporation." 12 C.F.R. § 505.5(b). (Emphasis supplied)

Regulations lawfully promulgated by the Bank Board have the full force and effect of federal law. See *Community Fed-*

*eral Savings and Loan Ass'n. v. Fields*, 128 F.2d 705 (8th Cir. 1942); *Rettig v. Arlington Heights Federal Savings and Loan Ass'n.*, 405 F.Supp. 819 (N.D.Ill., 1975); *People v. Coast Federal Savings and Loan Ass'n.*, 98 F.Supp. 311 (S.D.Cal.1951).

The defendant Superior Court is the court of general jurisdiction in the State of Arizona. The defendant Marilyn A. Riddel is a Judge of that court. The defendant First Federal Savings and Loan Association is a mutual federal savings and loan association chartered, examined and supervised by and subject to the regulations of the Bank Board. Defendant Hugh Knoell Builders, Inc. is an Arizona corporation engaged in the construction business.

Knoell is the plaintiff and First Federal is the defendant in an action in the Superior Court before Judge Riddel. On September 21, 1979 Knoell served on First Federal its "Second Set of Nonuniform Interrogatories". Interrogatory Number 16(a) included a request that First Federal produce certain examination reports in its possession. These reports had been prepared by Bank Board examiners in connection with examination of the books and records of First Federal as of November 12, 1973, February 3, 1975, November 3, 1975, March 31, 1976, and December 10, 1976. The reports had been loaned to First Federal pursuant to 12 C.F.R. § 505.5(b). First Federal objected to producing the examination reports on the grounds that they "are and may be privileged and disclosure affirmatively prohibited by applicable law or rules and regulations." Knoell moved to compel answers to interrogatories and First Federal moved for a protective order. After hearing argument, Judge Riddel entered an order denying First Federal's motion for protective

order and an order "granting Plaintiffs' Motion for Order Compelling Production of Documents." [1]

In opposing the Bank Board's petition for injunctive relief, Knoell, the real party in interest, makes the following arguments:

1. This court is without jurisdiction of the subject matter of this action.

2. The Bank Board has no standing to seek to enjoin disclosure of the examination reports.

3. 12 C.F.R. § 505.5(b) was not promulgated pursuant to authority conferred on the Bank Board by Congress but was only a compliance with the Freedom of Information Act.

4. The Bank Board is collaterally estopped from relitigating the question of privilege.

5. The reports are not privileged.

6. The Bank Board has never validly claimed an executive privilege.

Jurisdiction is conferred on this court by Title 28 U.S.C. § 1337, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . ." and by Title 28 U.S.C. § 1345, which grants United States District Courts original jurisdiction over any action brought by the United States where it is expressly authorized to sue by an Act of Congress. The Bank Board is expressly authorized to sue by Title 12, U.S.C. § 1464(d)(1).

The first four arguments are not valid. While both parties have argued whether or not a privilege exists, the judgment of this Court does not require a determination of that issue.

---

1. Curiously, Judge Riddel gave Knoell more than it requested. Knoell had not moved for an order compelling production of documents. First Federal had not answered the interrogatories in question and Knoell filed a "Motion to Compel Answers to Interrogatories." At Page 4 of the memorandum in support of its motion Knoell argues:

"* * * Furthermore, in many instances the questions to which an objection of privilege have been interposed ask for guidelines

to where certain documents and information are to be found and then request that it be produced. Certainly the information concerning the location and identity of witnesses or individuals who are knowledgeable of facts and documents is not privileged. . . If the documents themselves contain privileged matter, and this is denied for the reason that a privilege does not exist in these circumstances, this claim can be determined by a later hearing before the court."

The Bank Board clearly has standing to seek to prevent the disclosure of its examination reports. What the real party in interest seems to have overlooked is that those reports are not the property of First Federal but are the property of the Bank Board. First Federal is forbidden to disclose them to anyone. 12 C.F.R. § 505.5(b). Once First Federal was ordered to disclose the examination reports, it was incumbent upon the Bank Board to take whatever action it deemed appropriate to prevent disclosure. *Ibid.* Since it had not submitted itself to the jurisdiction of the Superior Court, Judge Riddel could not order the Bank Board to produce the examination reports. Since it asserts a continuing right of control of, and a property right in, the examination reports, the Bank Board has standing to bring this action. *Overby v. United States Fidelity and Guaranty Co.,* 224 F.2d 159 (5th Cir. 1955).

It is well recognized that reports of examinations of banks and savings and loan associations are not subject to disclosure to anyone who might want to see one and that such institutions can resist disclosure even though copies are in the hands of the banks or savings and loan associations. *Denny v. Carey,* 78 F.R.D. 370 (E.D.Penn., 1978); *Overby v. United States Fidelity and Guaranty Co.,* supra; *Bank of America National Trust and Savings Association v. Douglas,* 105 F.2d 100 (D.C.1939).

Actually, the question of privilege has not come into play because no Court has been called upon to decide whether the Bank Board should be required to produce all or part of the examination reports in question.

The Bank Board cannot be collaterally estopped from bringing this action. It did not intervene in the Superior Court case, it had no control over that action and it had no right to appeal Judge Riddel's order. She specifically recognized that the Bank Board was appearing only in support of First Federal's motion for rehearing. A reading of the transcript of the argument before Judge Riddel leads to the conclusion that Judge Riddel felt that if the Bank Board was not seeking any relief for itself but was simply supporting First Federal's position, nothing new was being offered to justify changing the original decision.

Finally, the argument of the real party in interest that 12 C.F.R. § 505.5(b) is simply a compliance with the Freedom of Information Act is specious. The regulation cites the sources of the Bank Board's authority, including 12 U.S.C. §§ 1437, 1464 and 1725.

The effect of Judge Riddel's order is to place First Federal on the horns of a cruel dilemma. If it complies with the order of production it is violating the federal laws with respect to disclosure of examination reports. If it does not comply, it is subject to the sanctions of Rule 37, Arizona Rules of Civil Procedure, which include entry of default against First Federal. Thus First Federal might conclude that disclosure is the lesser of two evils and should be made. To prevent this, the Court must not only enjoin First Federal from making such disclosure but must also enjoin the other defendants from taking any action which would make disclosure by First Federal seem to be a preferable route.

IT IS ORDERED as follows:

1. Enjoining the defendant First Federal Savings and Loan Association from disclosing to Hugh Knoell Builders, Inc. any examination report prepared by examiners of Federal Home Loan Bank Board without the Bank Board's permission.

2. Enjoining Hugh Knoell Builders, Inc. from moving to enforce sanctions against First Federal Savings and Loan Association for its failure to make disclosure.

3. Enjoining The Honorable Marilyn A. Riddel, Judge of the Superior Court for the State of Arizona in and for the County of Maricopa from attempting to coerce First Federal Savings and Loan Association, through the use of any sanction authorized by Rule 37, Arizona Rules of Civil Procedure, into disclosing any examination reports prepared by examiners of the Federal Home Loan Bank Board.