Roger H. FISCHER and Grace Kissell, Plaintiffs–Appellants, Cross–Appellees,

v.

DALLAS FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant–Appellee, Cross–Appellant.

No. 86–1848.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1988.

Frank P. Hernandez, Dallas, Tex., for plaintiffs-appellants, cross-appellees.

Patricia J. Kendall, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant-appellee, cross-appellant.

Before WILLIAMS and HIGGINBOTHAM, Circuit Judges, and SANDERS,* District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Roger Fischer and Grace Kissell appeal from a jury verdict against them on their claim that Dallas Federal Savings & Loan engaged in discriminatory lending. They argued that the trial court erred in certain evidentiary rulings and in its charge to the jury regarding class issues, 106 F.R.D. 465. We affirm.

* District Judge of the Northern District of Texas, sitting by designation.

## I

In 1977, Fischer and Kissell applied to Dallas Federal for a loan to purchase property in the "Little Mexico" section of Dallas. After Dallas Federal refused to lend on the terms they offered, Fischer and Kissell filed a discrimination complaint with the Federal Home Loan Bank Board. The complaint alleged that Dallas Federal had engaged in "redlining" by refusing to grant loans for properties located in minority areas. If proven, such conduct might have violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.;* the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.;* and the provisions of 42 U.S.C. §§ 1981 and 1982.

In addition to filing the administrative complaint, Fischer and Kissell sought injunctive relief and damages in federal court, both on behalf of themselves and all other people denied credit by Dallas Federal in violation of these statutes. A district judge certified a class of persons allegedly affected by Dallas Federal's policies, but only for the purpose of injunctive relief. Later, in a trial presided over by a different judge, a jury found for Dallas Federal on all counts. Fischer and Kissell now appeal from judgment on the jury verdict.

## II

Fischer and Kissel present three allegations of error. First, they argue that certain documents relating to the Federal Home Loan Bank Board's investigation into their complaint should have been admitted at trial. Second, they contend that the jury should have been instructed more precisely with regard to the class action issues in the case. Finally, Fischer and Kissell allege that the trial court erred in refusing to certify the class for the purpose of monetary damages. We reject the first two objections because they were not adequately presented to the trial court. The last objection we reject because any error would have been harmless.

## A

■ During the course of discovery Fischer and Kissell asked Dallas Federal to produce its copies of several documents relating to the Bank Board investigation of Dallas Federal's lending practices. Two of these were internal memoranda of the Board; one related to the legal issues raised by Fischer and Kissell's complaint, the other to a separate investigation about alleged discrimination at a different Dallas Federal branch. The third document was a "letter brief" authored by Dallas Federal's attorney and sent to the Board in the course of the Fischer–Kissell investigation.[1]

The judge, before whom the case was pending during discovery, ruled that Dallas Federal need not honor the request because Bank Board regulations protected the documents from disclosure. *See* 12 C.F.R. §§ 505.5(a) (the Board may not disclose unpublished information related to Board investigations of member banks), (c) (no member bank may disclose such unpublished reports unless authorized by the Board).[2] Fischer and Kissell acquired some of these materials through other means, including a request to the Bank Board under the Freedom of Information Act. They contend that they attempted to introduce these documents into evidence at trial, but that the trial court erroneously ruled them inadmissible on the basis of the earlier discovery ruling. On its face, this objection might have merit because the Bank Board regulations prohibit only certain disclosures; they do not necessarily

---

1. Three other documents also are alleged to have been improperly excluded, all of which were correspondence between Appellants and the Bank Board relating to Appellants' request for disclosure of the memoranda and "letter brief." None of these documents had any material bearing on the issues at trial, so their exclusion amounts to harmless error at most.

2. Several courts have refused to compel a savings institution to disclose Bank Board documents when to do so would violate these regulations. *See Federal Home Loan Bank Board v. Superior Court,* 494 F.Supp. 924 (D.Ariz.1980); *Colonial Savings & Loan Ass'n v. St. Paul Fire and Marine Ins. Co.,* 89 F.R.D. 481 (D.Kan.1980).

prohibit use of Bank Board documents that the Board itself has made public.[3]

We do not reach this question, however, because Fischer and Kissell failed properly to offer the documents as evidence during trial. Federal Rule of Evidence 103(a)(2) requires a party to make an offer of proof in order to preserve its objection to the exclusion of evidence. There is no doubt that the trial judge heard argument on the admissibility of Bank Board materials; it does not appear, however, that Fischer and Kissell presented these documents to the trial judge, especially since two of them—the "letter brief" and the memorandum about the separate Bank Board investigation of Dallas Federal—appear nowhere in the record on appeal. In order to preserve their objections for appeal, Fischer and Kissell had a responsibility to make an offer of proof sufficient to allow intelligent review. They have not done so.

As to the Bank Board memorandum analyzing Fischer and Kissell's complaint, which is the one excluded document that does appear in the record, we see no possible harm justifying reversal. The Bank Board excised all substantive findings and conclusions from the memorandum; the portions that remained could have been no help in proving Fischer and Kissell's case. In short, there is no evidentiary basis for reversal.

### B

█ In outlining the applicable legal standards, the trial judge's special interrogatories to the jury referred generally to the "plaintiffs." The charge did not specifically note that with regard to injunctive relief, "plaintiffs" included not only Fischer and Kissell, but also the certified class. At a conference between the attorneys and the trial judge after the completion of closing arguments, Fischer and Kissell made several objections to the proposed charge. However, they did not object to the lack of guidance on the definition of "plaintiffs."

Rule 51 provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection." Furthermore, Rule 49 provides that where no such objection is made, the party is deemed to have waived jury trial on the issue and a disfavorable ruling by the trial judge is implied.[4] Fischer and Kissell's failure to object thus bars our consideration of the issue on appeal. *See Hearn v. City of Gainesville*, 688 F.2d 1328, 1335 (5th Cir.1982).

We are unpersuaded by Fischer and Kissell's attempts to escape this unambiguous rule. First, our review of the record does not indicate that the trial judge deprived them of an opportunity to make the necessary objection. The court gave counsel ample opportunity to object to the proposed charge out of the presence of the jury. Fischer and Kissell made and renewed several other objections, but not the one pressed on appeal.

█ Second, it is not enough that the jury charges requested by Fischer and Kissell before the conference might have included specific reference to the class issues. Counsel is required to inform a trial judge that the charge is deficient in such a manner that the judge can act upon the objection. It follows that requesting instructions or interrogatories before trial alone is ordinarily insufficient to preserve

---

**3.** *Cf. Federal Home Loan Bank Board v. Superior Court,* 494 F.Supp. at 927 (declining to decide whether Bank Board disclosure prohibition creates general privilege against use of Bank Board documents); *Marcoux v. Mid–States Livestock,* 66 F.R.D. 573, 580 (W.D.Mo.1975) (noting that prohibition on disclosure of Treasury Department documents would not necessarily create general privilege).

**4.** Rule 49(a): "The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

any error. Such requests are often abandoned in the course of trial, and a trial judge seldom will make final decisions about the charge until the evidence is complete. *See Hearn*, 688 F.2d at 1335 n. 4; *John R. Lewis, Inc. v. Newman*, 446 F.2d 800, 805 (5th Cir.1971); *see generally* Wright & Miller, *Federal Practice and Procedure* § 2507 (1971) (discussing omitted issues under Rule 49(a)).

■ Finally, we will not overlook the waiver under a theory of "plain error." The charge might have confused some members of the jury, but we cannot say that it resulted in a "miscarriage of justice." *See Meyers v. Moody*, 693 F.2d 1196, 1220 (5th Cir.1982), *cert. denied*, 464 U.S. 920, 104 S.Ct. 287, 78 L.Ed.2d 264 (1983); *see also Peveto v. Sears, Roebuck & Co.*, 807 F.2d 486, 490 (5th Cir.1987) ("Whether or not the jury misunderstood the charge of the court is not a question to be reexamined after the verdict has been rendered.")

### C

Finally, Fischer and Kissell allege that the trial court erred in refusing to certify the class for the purposes of monetary damages. The court found that under the standards of Rule 23(b), "the difficulties likely to be encountered in the management of a class action" on the damage issue would not permit "the fair and efficient adjudication of the controversy." In particular, the court found that there was no common formula for computing the damages sustained by the members of the class.

It is unnecessary to consider whether the court erred because the jury's finding of no liability renders harmless any possible error.

AFFIRMED.