IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10226
Summary Calendar
_____

DARREN MALEKZADEH,

Plaintiff - Appellant,

versus

TEXAS TECH UNIVERSITY; STATE OF TEXAS; TEXAS WORKFORCE
COMMISSION; TEXACO INC.; SCHLUMBERGER LIMITED, (N.V.);
BURLINGTON RESOURCES INC.; PHILLIPS PETROLEUM CO.; T. SCOTT
HICKMAN & ASSOCIATES INC.; JOHN MONTFORD; DONALD HARAGAN;
JORGE I. AUNON; JOHN BURNS; ET AL.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-48-J
_____

September 16, 2002

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pro se Plaintiff Darren Malekzadeh appeals the district
court's final judgment in favor of the defendants in this civil
action. Malekzadeh appears to argue that the district court erred
in denying his motions for relief from judgment pursuant to Fed. R.
Civ. P. 59(e) and 60(b). Malekzadeh also appears to argue that the

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

district court erred in dismissing his non-Title VII claims in their entirety and in dismissing his Title VII claims against the individual defendants whom Malekzadeh sued in their personal and official capacities. Finally, Malekzadeh appears to argue that the district court committed reversible errors in several pretrial orders and in several rulings on various non-dispositive motions made by Malekzadeh and by the defendants before and during the trial. After reviewing the record and the briefs of the parties, we find Malekzadeh's appeal to be without merit. We further find his appeal to be frivolous insofar as Malekzadeh seeks review of the district court's dismissal of his claims against Burlington Resources, Inc., Hickman & Associates, Inc., Phillips Petroleum Co., Schlumberger, Ltd. and Texaco, Inc. (the "Petroleum Company Defendants"). Accordingly, we AFFIRM the final judgment of the district court, and we DISMISS Malekzadeh's appeal pursuant to Fifth Circuit Local Rule 42.2 insofar as it seeks review of the district court's dismissal of Malekzadeh's claims against the Petroleum Company Defendants.

This Court reviews a district court's denial of a Rule 59(e) or Rule 60(b) motion for abuse of discretion. Midland West Corp. v. F.D.I.C., 911 F.2d 1141, 1145 (5th Cir. 1990)(standard of review for Fed. R. Civ. P. 59(e)); Behringer v. Johnson, 75 F.3d 189, 190 (5th Cir. 1996)(standard of review for Fed. R. Civ. P. 60). In this case, the district court clearly did not abuse its discretion

2

in denying Malekzadeh's Rule 59(e) and Rule 60(b) motions. The district court's instructions to the jury were correct, and the jury's verdict was supported by sufficient evidence, <u>cf.</u> <u>Chemical Distribs., Inc. v. Exxon Corp.</u>, 1 F.3d 1478, 1483 (5th Cir.1993)("Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld."). Malekzadeh has put forward no valid reason for altering or vacating the district court's final judgment or granting a new trial.

The district court's decisions to dismiss Malekzadeh's non-Title VII claims in their entirety and to dismiss Malekzadeh's Title VII claims against the individual defendants who were sued in their personal and official capacities were also proper for essentially the same reasons adopted by the district court. <u>See</u> <u>Malekzadeh v. Texas Tech University</u>, No. 5:98-CV-048-J (N.D. Tex. Sept. 21, 1999; Sept. 24, 1999; Oct. 1, 1999; Aug. 8, 2001).

Furthermore, we find that the district court did not abuse its discretion or commit any other reversible error with respect to any of the pretrial orders or evidentiary rulings about which Malekzadeh complains in his brief to this Court. Malekzadeh has failed to show that he was prejudiced in any way by the district court's pretrial order or by the reasonable time limits imposed by the court. We also find that Malekzadeh has failed to preserve for review any alleged error in connection with the district court's

3

refusal to admit certain evidence subject to the court's order in limine. During the trial, the district court repeatedly explained to Malekzadeh the proper procedures for obtaining a definitive ruling on the admissibility of such potentially prejudicial evidence. Because Malekzadeh did not attempt to follow those procedures to present the evidence to the court outside the presence of the jury, he cannot now complain about the district court's refusal to admit the evidence in question. Likewise, Malekzadeh has failed to preserve for appeal any argument that the district court erred in refusing to allow the blanket admission of numerous exhibits because Malekzadeh failed to make any offer of proof with respect to those exhibits. See Fed. R. Evid. 103(a); see also Fischer v. Dallas Federal Sav. and Loan Ass'n, 835 F.2d 567 (5th Cir. 1988).

Finally, we find Malekzadeh's appeal to be frivolous insofar as Malekzadeh seeks review of the district court's dismissal of his claims against the Petroleum Company Defendants. A frivolous appeal is one in which "the claim advanced is unreasonable, or ... is not brought with a reasonably good faith belief that it is justified." Stelly v. Commissioner of Internal Revenue, 761 F.2d 1113, 1116 (5th Cir.1985). In his brief to this Court, Malekzadeh asserts that the district court improperly granted the defendants' motions to dismiss, but he presents no argument as to why the district court erred in dismissing his claims against the Petroleum

4

Company Defendants. Malekzadeh's complaint likewise failed to allege any facts which could reasonably be construed to state any kind of federal claim against the defendants. Indeed, as the district court observed its September 24, 1999 Order, Malekzadeh barely mentions the Petroleum Company Defendants in his Complaint at all. Based on his pleadings and briefs and the other objective circumstances in this case, Malekzadeh could not possibly have any justifiable belief that he could persuade this Court to reverse the district court's judgment as to the Petroleum Company Defendants. As a result of Malekzadeh's frivolous appeal, he has wasted the time and resources of the Court and the Petroleum Company Defendants with claims which do not appear to have any basis in law or fact.

For the foregoing reasons, we AFFIRM the final judgment of the district court, and we DISMISS Malekzadeh's appeal pursuant to Fifth Circuit Local Rule 42.2 insofar as it seeks review of the district court's dismissal of Malekzadeh's claims against the Petroleum Company Defendants.[1]

JUDGMENT AFFIRMED;

APPEAL DISMISSED, IN PART, AS FRIVOLOUS.

---

[1] Malekzadeh has also filed a Petition for Hearing En Banc and a Motion for Leave to File a Supplemental Brief. No member of the panel nor judge in regular active service on the court having requested that the Court be polled on Hearing En Banc, (Fed. R. App. P. and 5th Cir. R. 35), the Motion for Hearing En Banc is DENIED. Malekzadeh's Motion for Leave to File a Supplemental Brief is also DENIED.