IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

B.W. ELECTRIC, INC.,　　　　　　:
a Delaware corporation,　　　　　:　　C.A. No. K18A-01-002 WLW
　　　　　　　　　　　　　　　:
　　　　　　　　Petitioner,　　 :
　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　 :
　　　　　　　　　　　　　　　:
PATRICE GILLIAM-JOHNSON,　　　 :
Delaware Secretary of Labor,　　　:
DANIEL NELSON and the　　　　　:
DELAWARE DEPT. OF LABOR,　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　Respondents.　　:

Submitted: January 2, 2019
Decided: April 4, 2019

**OPINION AND ORDER**

Upon Petitioner's Petition in Certiorari
*Reversed and Remanded.*

Daniel F. McAllister, Esquire of Baird Mandalas Brockstedt, LLC, Wilmington, Delaware; attorney for Petitioner.

Oliver J. Cleary, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware; attorney for Respondents.

WITHAM, R.J.

## INTRODUCTION

The Petitioner, B.W. Electric, Inc., filed a Petition in Certiorari in this matter, challenging the Respondents' - The Delaware Department of Labor (hereinafter "Department"), Daniel Nelson (hereinafter "Nelson"), and the then Secretary of the Department, Patrice Gilliam-Johnson (hereinafter "Secretary") - application of Delaware's Prevailing Law for lacking legal authority, legal error, and unconstitutionality. The matter concerns the Petitioner's alleged violations relating to the misclassification of workers under the Delaware Prevailing Wage Law and the Department's conduct in response to the Petitioner's appeal.

After considering the parties' arguments and record, the Court **REVERSES AND REMANDS** the Secretary's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Delaware's Prevailing Wage Law and Regulations

Delaware's Prevailing Wage Law (hereinafter, "PWL"),[1] as implemented by Delaware's Prevailing Wage Regulations (hereinafter "PWR") tasks the Department with establishing and enforcing payment of prevailing wages for various classes of laborers and mechanics who are employed as part of certain "public works" projects.[2] The applicable definitions for "laborer" and "electrician" are set forth in Delaware's

---

[1] *See* 29 *Del. C. § 6960.*

[2] The project at the heart of this matter is the U.S. 301/Levels Road to Summit Bridge Road Delaware Department of Transportation (hereinafter "DelDOT") project.

Prevailing Wage Law Booklet.[3]

## B. The Department's Investigation and Secretary's Final Decision

On October 24, 2017, Respondent Nelson, a Labor Enforcement Officer II for the Department's Office of Labor Law Enforcement (hereinafter "OLLE"), informed the Petitioner that - in addition to labor laws not part of the certiorari petition - it had violated Delaware PWR 7.1.1.3.3[4] by failing to maintain proper daily logs for its employees as part of the "US 301 Levels Road to Summit Bridge Road [C]onstruction [P]roject."[5]

Respondent Nelson also accused the Petitioner of misclassifying certain employees in violation of Delaware PWR 3.1.1 and 29 *Del. C.* § 6960.[6] He stated that his determination was based upon (1) the tasks reported in the Department of Transportation's Inspector Daily reports; (2) witness impact statements; and (3) data

---

[3] *See* Petitioner Ex. A. Classification of Workers under Delaware's Prevailing Wage Law, February 23, 2015. (For the purposes of these certiorari review, the precise definitions are not necessary to state.)

[4] PWR 7.1.1.3.3 (2015) provided that "a daily log for each individual employed upon the site of construction" must be kept for three years. *See also* PWR 7.1.1.3 (2015) (The log must generally list the tasks performed by each employee and the amount of time spent performing each task.).

[5] Petitioner Ex. B at 1.

[6] *Id.* at 2 (The Petition allegedly classified 15 individuals whom the Department determined (1) assembled and installed electrical conduit; (2) installed junction wells; (3) pulled coaxial cable, and (4) installed temporary electric service/panel, were to be classified by the Petitioner as laborers rather than electricians.).

gathered during five on-site visits conducted by the Department.[7]

On November 7, 2017, and in response to the determination, the Petitioner filed a timely appeal with the Secretary.[8] The appeal stated that the Petitioner was appealing Respondent Nelson's decision in accordance with instructions set forth in the determination and while it stated grounds for the appeal, the Petitioner failed to provide evidence supporting its assertions.

On December 15, 2017, the Secretary dismissed the Petitioner's appeal due to a lack of evidence that demonstrated abuse of discretion by Respondent Nelson.[9] The Secretary further stated "[s]ince the language of [section] 7.1.3 is clear, under the plain language of the regulation, *no hearing may be held regarding OLLE's alleged abuse of discretion.*"[10]

## C. The Petitioner's Certiorari Petition

On January 9, 2018, the Petitioner submitted to this Court its petition seeking

---

[7] Petitioner Ex. B at 2 (Based on those stated grounds, the Department determined that workers who assemble and install electrical conduit, install junction wells, pull coaxial cable, install temporary electrical service/ panel[/s,] are to be classified as Electricians.).

[8] Petitioner Ex. D (petitioner stated that it was appealing Respondent Nelson's decision in accordance with the instructions pursuant to Respondent Nelson's October 24, 2017 determination letter).

[9] Petitioner Ex. E at 1 (The Secretary, applying section 7.1.3, stated that since the Petitioner continued to work on the project, and there is nothing in [Respondent Nelson's] determination that expresses any intent to terminate the [Petitioner's] rights to continue working on the project.).

[10] *Id.* (emphasis added).

a writ of certiorari and declaratory judgment.[11] The Respondents filed a subsequent

motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6). The Court granted,

in part, the Respondents' motion and dismissed several of the Petitioner's claims.[12]

As a result of the Court's decision granting the Respondents' motion to dismiss in

---

[11] B.W. Electric Inc. Petition, Jan. 9, 2018; *see also B.W. Electric, Inc.* 2018 WL 3752497, at *2-3 (Regarding to the writ of certiorari, the Petitioner contends: (1) The Secretary's treatment of the Petitioner's "notice of appeal" - the purpose of which was only to invoke the jurisdiction of the Secretary under Delaware's PWR - as the entirety of the Petitioner's submissions, without prior notice to the Petitioner, denied the Petitioner its most basic due process rights, which require both notice and a right to be heard; (2) Because the Delaware Superior Court reviews the Secretary's determination on the record, the Secretary's decision also denied the Petitioner any right of further appeal because the Petitioner was not afforded the opportunity to create a record from which to appeal. As such, the Secretary's decision to dismiss the Petitioner's appeal of the OLLE's determination was unlawful and irregular, and should be overturned so that the Petitioner may submit evidence to support the Petitioner's appeal of the OLLE's determination; (3) 29 *Del C. §* 10124 requires that parties be afforded a formal evidentiary hearing in matters involving a case decision when such parties do not consent to informal proceedings. 29 *Del. C. §* 10102(3) defines a case decision as any agency proceeding or determination that a named party, as a matter of past or present fact, is or is not in violation of a law or regulation; (4) Delaware's PWR 7.1.3 violates the Administrative Procedures Act (hereinafter, the "APA") in that it does not afford a hearing to parties who have been determined to have violated Delaware's PWL except in cases where the employer's right to proceed with work on the contract has been terminated. By complying with the unlawful Delaware PWR 7.1.3, the Respondents have violated the APA, committed errors of law, and abused their discretion; (5) Pursuant to the Due Process Clause of the 5th and 14th Amendments to the United States Constitution and Article I, §§ 7 and 9 of the Delaware Constitution, Respondent Nelson's directive to Allan Myers, Inc. to withhold payment from the Petitioner was unconstitutional and invalid as a matter of law because the Petitioner was not afforded notice and an opportunity to be heard before the money was withheld; and (6) Because the Respondents did not rely upon substantial relevant evidence, abused their discretion, committed errors of law, and acted arbitrarily and capriciously, the Secretary's decision to dismiss the Petitioner's appeal should be reversed); *B.W. Electric, Inc. v. Gilliam-Johnson et al.* (Del. Super. Oct. 16, 2018) (ORDER) (decision subsequent to the Respondents' motion to dismiss, the Court severed the portion of the original petition where the Petitioner sought a declaratory judgment).

[12] *B.W. Electric, Inc.,* 2018 WL 3752497, at *14.

part, the remaining claims pertaining to the Petitioner's writ of certiorari are presently before the Court:

(1) Because the Delaware Superior Court reviews the Secretary's determination on the record, the Secretary's decision also denied the Petitioner any right of further appeal because the Petitioner was not afforded the opportunity to create a record from which to appeal. As such, the Secretary's decision to dismiss the Petitioner's appeal of the OLLE's determination was unlawful and irregular, and should be overturned so that the Petitioner may submit evidence to support the Petitioner's appeal of the OLLE's determination; and

(2) Because the Respondents did not rely upon substantial relevant evidence, abused their discretion, committed errors of law, and acted arbitrarily and capriciously, the Secretary's decision to dismiss the Petitioner's appeal should be reversed.[13]

## STANDARD OF REVIEW

A writ of certiorari is not a substitute for a direct appeal under a statute or regulation nor is it the functional equivalent of an appeal."[14] Its purpose "is to permit a higher court to review the conduct of a lower tribunal of record."[15]

---

[13] *B.W. Electric, Inc.*, 2018 WL 3752497, at *14.

[14] *Black v. New Castle Cnty. Bd. Of License*, 117 A.3d 1027, 1031 (Del. 2015) (citing *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008)

[15] *Mumford & Miller Concrete, Inc. v. Del. Dep't of Labor et al.*, 2011 WL 2083940, at *3 (citing *Christiana Town Ctr., LLC, v. New Castle Cnty.*, 865 A.2d 521, 2004 WL 2921830, at *2 (Del. 16, 2004) (Table).

By its nature, the extent of the record appropriate for review on a writ of certiorari is also limited: "A certiorari proceeding differs fundamentally from an appeal in that the latter brings the case up on its merits while the ... (former) brings up the record only so that the reviewing court can merely look at the regularity of the proceedings."[16] Thus, the Court does not consider the case below "on its merits" or "substitute its own judgment for [that] of the inferior tribunal."[17] The proper record for review is "limited to the complaint initiating the proceeding, the answer or response (if required), and the docket entries."[18] Any "evidence received in the inferior court is not part of the record to be reviewed."[19]

The "threshold qualifications for a Certiorari review that must be met before the Court considers the review are that the judgment below is final, and that there must be no other available basis for review."[20] The "burden of persuasion rests upon the party attempting to show that the Board's decision was arbitrary and

---

[16] *Black,* 117 A.3d at 1031 (citing *Shoemaker v. State,* 375 A.2d 431, 437 (Del.1977) (internal quotation marks omitted).

[17] *Mumford & Miller Concrete, Inc.,* 2011 WL 2083940, at *3(citing *Christina Town Ctr., LLC,* 224 WL 2921830, at *2; *Breasure v. Swartzentruber,* 1988 WL 116422, at *1 (Del. Super. Oct. 7, 1988).

[18] *Black,* 117 A. 3d at 1031 (citing *Maddrey,* 956 A.2d at 1216 (Del. 2008).

[19] *Id.* (citing *Du Pont v. Family Ct. for New Castle Cnty.,* 153 A.2d 189, 194 (Del. 1959)).

[20] *Mumford & Miller Concrete, Inc.,* 2011 WL 2083940, at *3(citing *Christiana Town Ctr., LLC v. New Castle Cnty.,* 2003 WL 22120857, at *1 (Del. Super. Sept. 10, 2003). *See e.g. Adjile, Inc. v. City of Wilmington,* 2004 WL 2827893, at *1 (Del. Super. Nov. 30, 2004), aff'd, 2005 WL 1139577 (Del. May 12, 2005)).

unreasonable."[21] The reviewing court is then limited to determining based on that limited record whether the lower tribunal: "(I) exceeded its jurisdiction;" (ii) "proceeded illegally or manifestly contrary to law"; or (iii) "proceeded irregularly."[22] Reversible procedural irregularity includes a tribunal's failure to create an "adequate record" for judicial review.[23] Under a writ of certiorari, this Court has the power to quash or affirm the proceedings and to remand."[24] However, the Court shall uphold the decision unless the Petitioner can demonstrate that the decision "was arbitrary and unreasonable" on its face.[25]

## DISCUSSION

The classification determination made by OLLE shall be reviewable by the Secretary and shall be reversed only upon a finding that the OLLE abused its discretion.[26] An "abuse of discretion" may only be found where the decision exceeds

---

[21] *Id.* (citing *Christina Town Ctr., LLC*, 2004 WL 1551457, at *2 (Del. Super. July 7, 2004)).

[22] *Id.* (citing *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2 (citing 1 Victor B. Woolley, Woolley on Delaware Practice , § 896; 939 (1906)).

[23] *Id.* (citing *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2 (citing Woolley, Delaware Practice, Vol. I § 923)).

[24] *Mumford & Miller Concrete, Inc.*, 2011 WL 2083940, at *3 citing *Jardel Co., Inc. v. Carroll*, 1990 WL 18296, at *2 (Del. Super. Feb. 26, 1990) (citing *Becker v. State*, 185 A. 92 (Del. 1932).

[25] *Black v. New Castle Cnty. Bd. of License*, 2014 WL 4955183, at *3 (Del. Super. Sept. 26, 2014) *aff'd* 117 A.3d 1027 (Del. 2015).

[26] 19 DE Admin. Code §1322 (hereinafter "PWR") 7.1.2.4 (2015). This was updated in 2018 by 22 DE Reg. 403 however, the Court's review is based upon the PWR as amended by 19 DE Reg. 415 on November 1, 2015.

the bounds of reason or where rules of law or practice have been ignored so as to produce an injustice.[27]

### A. The Parties' Contentions

The Petitioner's argument, on certiorari review, appears to be three pronged. First, the Petitioner argues that the Department proceeded irregularly by failing to create an adequate record which would be subject to review.[28] Second, the Petitioner argues that the Department committed an error of law in its determination, without factual basis, that the laborers in question, were misclassified as laborers.[29] Finally, the Petitioner argues that the Secretary committed an error of law by failing to review Respondent Nelson's determination pursuant to the PWR and thus, failed to provide the Petitioner with an opportunity to be heard.[30]

The Respondents, in opposition, counter that Respondent Nelson's determination letter was an adequate record, and that the investigation, and facts learned through that investigation, relied upon by the Department were disclosed in Respondent Nelson's determination letter.[31] Second, the Respondents assert that the Department's interpretation of the classification booklet, in which it used to draw its

---

[27] *Mumford & Miller Concrete, Inc.*, 2011 WL 2083940, at *2 (citing *Lopez v. Parkview Nursing Home*, 2011 WL 900674, at *3 (Del. Super. Mar. 15, 2011)).

[28] Petitioner Opening Brief at 9.

[29] Petitioner Opening Brief at 18.

[30] *Id.* at 16.

[31] Respondent's Reply Brief at 12.

conclusion that the electricians had been misclassified by the Petitioner, was not erroneous and properly applied.[32] And finally, the Respondents assert that the Secretary did not act irregularly, and acted pursuant to the PWR requirements for classification determinations.[33]

## B. The Petitioner's Writ of Certiorari is Appropriate

As a preliminary matter, because the Secretary's decision is final and unappealable,[34] a writ of certiorari is the only basis in which the Petitioner can seek relief. Therefore, this Court must conduct a limited certiorari review of the record to determine whether Respondent Nelson and/or the Secretary proceeded irregularly or in some way, committed an error of law.

## C. The Department's Record was Inadequate

It is settled law in Delaware that an agency must state the basis for its decision, in order to allow for judicial review by a higher judicial body.[35] A record is sufficient to allow for review on a writ of certiorari where the lower tribunal or agency

---

[32] *Id.* at 18.

[33] *Id.* at 15.

[34] *See Mumford & Miller Concrete, Inc.*, 2011 WL 2083940, at *2 n.3 (The Superior Court has no statutory or legal authority to review the Secretary of Labor's decision pursuant to the Administrative Procedures Act under 29 *Del. C.* § 10161(b), which states that decisions of administrative agencies not listed in Section 10161(a) may not be appealed. The Department of Labor is not listed in Section 10161(a)).

[35] *Christiana Town Center*, LLC, 2004 WL 2921830 at *2 (internal citations omitted).

documents its decision and the basis for its decision.[36] If the Court is left to speculate about the agency's reasons for rendering its decision, or the legal standard applied to reach its decision, the record is deemed inadequate.[37]

The Petitioner's inadequacy of the record argument is based on two general assertions: (1) Respondent Nelson failed to create an adequate record which would be subject to review by the Secretary;[38] and (2) the Secretary's failure to review Respondent Nelson's determination also failed to create a reviewable record on certiorari.[39] Here, the Court is persuaded by the Petitioner's argument and finds that Respondent Nelson's determination letter was an inadequate record for review by the Secretary.

In this case, and as fact-finder, Respondent Nelson was required to provide the Petitioner with a fair statement of his conclusions that were supported by the material

---

[36] *Drake v. Bd. of Parole*, 2011 WL 5299666, at *4 (Del. Super. Oct. 25, 2011) (citing *Christiana Town Center*, LLC, 2004 WL 2921830 at *2)).

[37] *Black*, 2014 WL 4955183, at *5; *see also, e.g., Drake*, 2011 WL 5299666, at * 4 (record was inadequate when the decision rendered was a conclusory one-page decision wherein there were no facts upon which the tribunal relied, no mention of the burden of proof or standard of review and the rationale stated to support the decision merely said "minimization of offense" and "too short of time in the community"); *In re Butler*, 609 A.2d 1080, 1083 (Del. 1992) (record was inadequate to support the trial court's decision to hold a person in summary contempt when the record merely stated that the decision was based on his "insolence and failure to show proper respect to the Court"). Drake and Butler form the basis of the Petitioner's argument.

[38] Petitioner Opening Brief at 9.

[39] *Id.* at 14.

11

facts he relied upon to reach that conclusion.[40] And while Respondent Nelson provides that in regards to his decision's first basis, an examination of his determination letter in its entirety reveals that he failed to provide material facts sufficient to justify those conclusions in regard to the witness impact statements and data gathered during five on-site visits conducted by the Department, identified as grounds two and three.

Regarding the first basis, the tasks reported in the Delaware Department of Transportation's (hereinafter "DELDOT") Inspector Daily Reports (hereinafter "IDR"), Respondent Nelson cited the Petitioner's obligation pursuant to PWR 7.1.1.3.3 and that a comparison between the Petitioner's logs and DELDOT's IDRs revealed discrepancies between the two.[41] Respondent Nelson clearly stated:

> [I]t [was] apparent the information in [the Petitioner's] daily logs d[id] not accurately reflect the amount of time [the Petitioner's] employees spent assembling and installing electrical conduit and operating equipment and other associated tasks."[42]

Thus, it is clear that Respondent Nelson, citing DELDOT's IDRs, clearly stated sufficient facts to support the first basis of his conclusion.

However, it is also clear that Respondent Nelson failed to provide sufficient material facts regarding grounds two and three: the witness impact statements and

---

[40] *See* Supra n.36.

[41] Petitioner Ex. B at 1.

[42] *Id.*

12

Department site visits. Regarding the witness impact statements, while Respondent Nelson specifically mentions fifteen of the Petitioner's workers who appear to have claimed that they were not paid appropriately by name,[43] there is no other reasoning stated by him that would justify his conclusion regarding the Petitioner's alleged misclassification of workers. The same can be said for Respondent Nelson's reliance on the Department's five site visits. Again, nothing is stated that relates those site visits to any alleged misclassification of workers, nor supports Respondent Nelson's conclusion that the Petitioner misclassified workers as laborers rather than electricians.[44]

In sum, the majority of Respondent Nelson's conclusion was based on grounds that lacked substance and, as a result, are not sufficient material facts. Here, a more specific basis is required in regards to grounds two and three that can support his determination that the Petitioner misclassified certain workers as laborers instead of electricians. Because the Court is left to speculate as to the content of those witness impact statements and site visits, those grounds can not sufficiently support Respondent Nelson's conclusion regarding the Petitioner's alleged misclassification of the workers in question.

As a result, the Court finds that the lack of an adequate record created by

---

[43] Petitioner Ex. B at 2.

[44] *Id.* (Respondent Nelson does reference two Department on site visits that occurred on June 7 and 15, 2017. Those observations, however, appear to speak more to whether the employees in question were paid appropriately during travel times to and from the work site.).

Respondent Nelson is a reversible procedural irregularity and grounds for reversal.[45] Because of this finding, the Court does not have to reach an answer today regarding the Petitioner's second argument regarding the Secretary's decision compounding the inadequate record for certiorari review.

### D. The Secretary Erred as a Matter of Law

The Court's finding regarding Respondent Nelson's failure to provide an adequate record is sufficient to warrant a reversal and remand to the Department. However, assuming arguendo that the record had been adequate, the Court would nevertheless still reverse and remand.

The Petitioner also raises a procedural argument in that the Secretary, by dismissing its appeal due to a lack of evidence of abuse of discretion, failed to review Respondent Nelson's determination pursuant to PWR 7.1.2.4.[46] The Petitioner specifically argues that by dismissing its appeal, it was not afforded the opportunity to be heard, and/or create a record for review on certiorari.[47]

As a preliminary matter, the Respondents are correct in their assertion that the Petitioner was not entitled to a hearing.[48] Applying PWR 7.1.3, it is clear that there

---

[45] *See* Supra n.26.

[46] Petitioner Opening Brief at 16-17 (Petitioner states that even if there had been no evidence to support an abuse of discretion, the proper procedural action on the Secretary's part would have been to uphold Respondent Nelson's decision, not dismiss the appeal.).

[47] Id. at 17; *see also* Petitioner Ex. F (due process requires notice and an opportunity to be heard).

[48] PWR 7.1.3 (2015) stated that a hearing shall be held only in cases involving the termination of rights to proceed with the work project under the public construction contract. The

14

was a dispute involving the Petitioner's classification of a number of its employees. However, PWR 7.1.3 clearly states:

> [i]f the dispute between the Department and the employer pertains to the classification of workers as determined by the [OLLE], the determination shall be reviewable by the Secretary or his/her designee and shall be reversed *only upon a finding of abuse of discretion.*[49]

As a result, the Petitioners were clearly not entitled to a hearing with the Secretary, as they claim in their December 19, 2017 letter asking for reconsideration.[50]

It is well-settled that once an agency adopts regulations governing how it handles its procedures, the agency must follow them. If the agency does not, then the action taken by the agency is invalid.[51] Here, the Court finds that the Secretary conducted an irregular review of the Petitioner's appeal because she dismissed the appeal without fully considering Respondent Nelson's decision, and the inadequate record below.

---

Petitioner, in his reply to the Respondents, claims that its "notice of appeal did not request a hearing." Petitioner Reply Brief at 10. However, this argument infers to the Court, that the Petitioner's argument in some way involves what it only can perceive as the Petitioner's assertion that it should have been granted a hearing before the Secretary. The Court can not think of another way that the Petitioner could be heard on the matter after filing their appeal pursuant to PWR 7.1.2.4, other than a hearing before the Secretary.

[49] Petitioner Ex. E at 1 (emphasis added).

[50] Petitioner Ex. F.

[51] *Mumford & Miller Concrete, Inc.*, 2011 WL 2083940, at *6 (citing *Dugan v. Delaware Harness Racing Commission*, 752 A.2d 529 (Del. 2000)).

PWR 7.1.2.4 provides that an OLLE decision shall be reviewable by the Secretary or his/her designee if an *appeal* is made in writing and received by the Secretary within fifteen (15) days from receipt of the Department's certified letter.[52] The Petitioner had 15 days to file his appeal which was timely filed on November 7, 2017.

In this case, the Secretary stated that the only basis for her decision was the Petitioner's appeal.[53] Since the Court has found that the record established by Respondent Nelson was inadequate, the Secretary, in basing her decision solely on the Petitioner's appeal, failed to properly review Respondent Nelson's decision for any irregularity or errors of law. As a result, the Court finds that the Secretary committed legal error by failing to follow the procedures stated pursuant to PWR 7.1.2.4. Thus, her review of the Petitioner's appeal was irregular and reversible.

## CONCLUSION

For the above-listed reasons, the Secretary's December 15, 2017 decision is **REVERSED AND REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[52] PWR 7.1.2.4 (2015).

[53] Petitioner Ex. E at 1.